UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------X
MALIKA OUTLAW,                                           :
                                                         :    Civil Action No. 2:20-cv-3711
                Plaintiff,                             :
V                                                        :    **COMPLAINT** (with Jury Demand)
                                                         :
                                                         :
HUNTINGTON VALLEY HOME CARE, LLC                         :
and CRAIG E. MILLER,                                     :
                                                         :
                Defendants.                            :
---------------------------------------------------------X

      Plaintiff Malika Outlaw ("Plaintiff") files this Complaint against Defendants Huntington Valley Home Care, LLC ("Huntington") and Craig E. Miller ("Miller") seeking relief under and pursuant to the Fair Labor Standards Act, 29, U.S.C. § 201, *et seq.*, ("FLSA") the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A.§333.104, *et seq* ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S.A § 260.10 , *et seq.* ("PWPCL").

## NATURE OF THE ACTION

    1.      Plaintiffs bring this Complaint against Defendants alleging that they failed to pay Plaintiff overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.C.S.A.§333.104, *et seq.* Specifically, Plaintiff contends that Defendants failed to pay her compensation at 1.5 times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. This failure was willful and in bad faith.

    2.      Plaintiff alleges that, pursuant to the FLSA, she is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages on that amount; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3. Plaintiff further alleges that pursuant to the PMWA and the PWPCL, she is also entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages on that amount; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## PARTIES

4. Plaintiff Malika Outlaw is a citizen of the Commonwealth of Pennsylvania residing at 2738 North 22nd Street, Philadelphia, Pennsylvania.

5. Plaintiff was employed by Defendants as a Certified Nursing Assistant from February 2017 to May 2019.

6. Plaintiff is a covered individual within the meaning of FLSA, U.S.C. §§ 206(a) and (207(a) and PMWA, 43 Pa. St. Ann. § 333.103(h).

7. Defendant, Huntington Home Care, LLC ("Huntington Home Care") is a Pennsylvania limited liability company with its principal place of business at 995 Jaymor Road, Suite 2, South Hampton, Pennsylvania 18966 in Bucks County. Huntington Home Care was established in 2015 and is licensed by the Pennsylvania Department of Health as a Home Health Care agency.

8. Defendant, Craig E. Miller ("Miller") is a citizen of the Commonwealth of Pennsylvania residing at 3738 Marquis Lane, Huntington Valley, Pennsylvania 19006 in Montgomery County. He is a Vice-President and owner of Huntington Home Care. During the applicable time period covered by this lawsuit, Miller was involved in and/or controlled the employment and supervision of Huntington Home Care's employees and was involved in and/or controlled Huntington Home Care's payroll policies and practices.

9. Each of the Defendants are private employers covered by the FLSA, 29

U.S.C. § 203(d), and PMWA, 43 Pa. St. Ann. § 333.103(g).

## JURISDICTION

10. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer in any Federal or State court of competent jurisdiction" 29 U.S.C. § 216(b).

11. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as Plaintiff's FLSA claims.

13. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), as the defendants reside in this district, and the conduct making up the basis of the complaint took place in this judicial district.

## STATEMENT OF FACTS

14. Defendant Huntington Valley Home Care was established in 2015 for the purpose of providing home health care services.

15. Defendant Huntington Valley Home Care directly employs Certified Nursing Assistants to provide home care support services to elderly and disabled clients such as medical assistance, companionship services, homemaking services, and other home care services inside the clients' households.

16. In or about February 2017, Defendant Miller hired Plaintiff to work for Defendant Huntington Valley Home Care as a non-exempt employee as a Certified Nursing Assistant in clients' households.

17. For the first six months of her employment, until August 2017, Plaintiff was paid at the rate of $13 per hour, and worked for forty (40) hours per week. During that time she was paid by check given to her by Defendant Miller every two weeks.

18. From August 2017 until she stopped working for Huntington Valley Home Care in May 2019, Plaintiff worked in the households of three clients, Ismay Layne, Alfred Linnear, and Mary Tarranovo, and would work in two of their homes during a given week. During that time period, Plaintiff was paid by direct deposit into her checking account.

19. During that time period Plaintiff worked approximately 90 hours per week, seven days per week. Her pay was either $14 or $15 per hour depending on which client she was servicing.

20. During that time period, Plaintiff did not receive any overtime pay, at the rate of 1.5 times her straight hourly rate, for any of the hours she worked beyond forty (40) hours in any given week.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half) and the Pennsylvania overtime rate (of time and one-half) in direct violation of the FLSA, the PMWA, and PWPCL and the supporting federal and Pennsylvania State Department of Labor Regulations.

## STATEMENT OF CLAIM

### COUNT I: FLSA-Overtime Wages

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. At all relevant times, upon information and belief, Defendants were an employer engaged in interstate commerce and/or the provision of services for commerce within

the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual withing the meaning of 29 U.S.C. §§ 206(a) and 207(a),

24. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

26. Plaintiff was entitled to be paid at the rate of time and one-half for all the hours worked in excess of the maximum hours, provided for in the FLSA.

27. Defendants failed to pay Plaintiff overtime compensation in the lawful amount in excess of the maximum hours provided for in the FLSA.

28. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated FLSA, 29 U.S.C. §§ 201, *et. seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

29. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff. Instead, Defendants paid her at her regular hourly rate of pay of either $14 or $15 per hour for those hours.

30. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

31. As a direct and proximate result of Defendants' violation of the FLSA,

Plaintiff is entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b).

33. Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment and post-judgement interest thereon.

33. Plaintiff is also entitled to an award of her reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II-PENNYLVANIA LABOR LAWS-Overtime

34. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35. The Pennsylvania Minimum Wage Act ("PMWA") requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. 43 Pa. St. Ann. § 333.104(c).

36. Between August 2017 and May 2019, Plaintiff worked on average approximately 90 hours per week for Defendants, and was entitled to payment of the overtime rate one and one-half times her regular pay for all hours worked over 40 hours per week during that time period.

37. Defendants in bad faith willfully disregarded the provisions of the PMWA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week within 30 days of her last scheduled payday, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff. Instead, Defendants paid her at only her regular rate of hourly pay for those hours.

38. As a direct and proximate result of Defendants' violation of the PMWA, Plaintiff is entitled to liquidated damages pursuant to the Pennsylvania Wage Payment and Collection Law, 43 Pa. St. Ann. § 260.10. ("PWPCL") in the amount of 25% of the amount of overtime compensation due.

39. Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime compensation, liquidated damages totaling 25% of the overtime compensation owed, and prejudgment interest thereon.

40. Plaintiff is also entitled to her reasonable attorneys' fees under the Wage Payment and Collection Act, 43 Pa. St. Ann. § 260.9a(f), as well as costs and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

(a) An award for unpaid overtime compensation due under the Fair Labor Standards Act and Pennsylvania Minimum Wage Act;

(b) An award of liquidated damages, equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages, equal to 25% of the amount of unpaid overtime compensation, pursuant to 43 Pa. St. Ann. § 260.10.

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and 43 Pa. St. Ann. § 260.9a(f); and

(f)  Such other and further as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues

Dated: July 30, 2020                                  Respectfully submitted,

/s/                          Ahmed Soliman
Ahmed M. Soliman, Esq./ I.D. #309115
Soliman & Associates, PC
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ 08002
Tel: (856) 324-8313/Fax: (856) 324-9080
E-mail: soliman@solimanlegal.com
Attorney for Plaintiff